**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180610-U

Order filed April 20, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Knox County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0610 Circuit No. 93-CF-39 |
| ROBERT M. CLARK, | ) ) ) | Honorable Scott Shipplett, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justice Lytton concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*: Defendant failed to demonstrate the prejudice required to warrant leave to file a successive postconviction petition because *People v. Coty*, 2020 IL 123972, held that a natural life sentence violates neither the United States nor the Illinois Constitutions when given to an intellectually disabled adult defendant.

¶ 2     Defendant, Robert M. Clark, appeals the Knox County circuit court's denial of his motion for leave to file a successive postconviction petition. Defendant argues he satisfied the cause and prejudice test necessary to warrant leave to file a successive postconviction petition because his

motion relied on case law that did not exist when he filed his prior postconviction petitions, and because his motion argued that his sentence is unconstitutional as applied to him, as the circuit court failed to take into account defendant's intellectual disability, fetal alcohol syndrome, borderline personality disorder, and antisocial personality disorder during sentencing. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4        On December 13, 1993, defendant pled guilty but mentally ill to first degree murder (720 ILCS 5/9-1(a)(1) (West 1992)) and robbery (*id.* § 18-1). The factual basis for the plea showed that defendant entered the victim's apartment with the intent to commit robbery. When the victim confronted him, defendant killed her and completed the robbery. The evidence showed that defendant was 24 years old at the time, and that he suffered from antisocial personality disorder, borderline personality disorder, and fetal alcohol syndrome.

¶ 5        The circuit court accepted defendant's guilty plea and sentenced him to an extended term of 90 years' imprisonment for first degree murder because the victim was over 60 years old, and 15 years' imprisonment for robbery, to be served consecutively in accordance with section 5-8-4(a) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a) (West 1992)). We affirmed defendant's convictions and sentence on direct appeal. *People v. Clark*, No. 3-94-0148 (1996) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6        On May 1, 2001, defendant filed a postconviction petition, arguing that his sentence violated *Apprendi v. New Jersey*, 530 U.S 466 (2000), his trial counsel provided ineffective assistance by coercing him into changing his plea, and the factual basis for his guilty plea was inadequate. The circuit court granted the State's motion to dismiss the petition. On appeal, we granted appellate counsel's motion to withdraw and affirmed the circuit court's dismissal of defendant's petition. *People v. Clark*, No. 3-05-0884 (2007) (unpublished dispositional order).

2

¶ 7        On December 20, 2010, defendant filed a successive postconviction petition, arguing, *inter alia*, that his sentence was void because he received two sentences based on the same conduct. The circuit court granted the State's motion to dismiss the petition. On appeal, we granted appellate counsel's motion to withdraw and affirmed the circuit court's dismissal of defendant's petition. *People v. Clark*, No. 3-12-0742 (2013) (unpublished dispositional order).

¶ 8        On June 25, 2018, defendant filed the successive postconviction petition at issue. Initially, the circuit court denied the successive petition because defendant failed to submit a motion for leave to file. Defendant then filed a motion requesting leave to file his successive postconviction petition, in which he argued that newly discovered evidence in the fields of neurobiology and developmental psychology showed that his brain was not fully developed at the time of his offense, and therefore his sentence was unconstitutional. To support his argument, defendant relied on *Miller v. Alabama*, 567 U.S. 460 (2012) and *People v. House*, 2015 IL App (1st) 110580, *vacated*, No. 122134, (Ill. Nov. 28, 2018) (supervisory order), which were decided after he filed his prior postconviction petitions. The court denied defendant leave to file his successive postconviction petition, finding he failed to satisfy the requisite cause and prejudice test. Defendant appeals.

¶ 9                                            II. ANALYSIS

¶ 10        Defendant argues that he demonstrated cause and prejudice to file a successive postconviction petition because the case law surrounding intellectually disabled emerging adults has changed drastically since he was sentenced, and his sentence violated both the United States and Illinois Constitutions because the court failed to consider properly all mitigating factors during sentencing. We disagree. Defendant has failed to show the prejudice necessary to warrant leave to file a successive postconviction petition.

¶ 11    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) generally contemplates only one postconviction petition filing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). However, a court will grant leave to file a successive postconviction petition if the petitioner demonstrates cause for failing to bring the claim in his initial postconviction proceedings and resulting prejudice. *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23, 31. Cause is "an objective factor that impeded [the petitioner's] ability to raise a specific claim during [the] initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2018). Prejudice occurs when "the claim not raised during [the] initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 12    Under the proportionate penalties clause of the Illinois Constitution, "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "A statute may be deemed unconstitutionally disproportionate if *** the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community ***. *People v. Miller*, 202 Ill. 2d 328, 338 (2002). The proportionate penalties clause is at least as far-reaching as the eighth amendment of the United States Constitution. *People v. Horta*, 2016 IL App (2d) 140714, ¶ 62.

¶ 13    After defendant filed his opening brief in this appeal, the Illinois Supreme Court decided *People v. Coty*, 2020 IL 123972, which involved a 46-year-old intellectually disabled defendant who received a statutorily mandated natural life sentence after his second conviction for a sexual offense against a child pursuant to section 12-14.1(b)(2) of the Criminal Code of 2012 (720 ILCS 5/12-14.1(b)(2) (West 2004)). The court analyzed the defendant's culpability, future dangerousness, and rehabilitative potential. Regarding the first two factors, the court determined

4

that the defendant's intellectual disability simultaneously diminished his culpability and indicated that he was a continuing danger to reoffend. *Id.* ¶¶ 33-36. Concerning the defendant's rehabilitative potential, the court determined that while the Illinois Supreme Court's decision in *Miller*, 202 Ill. 2d 328, is "based in part upon the lesser culpability of youth—a characteristic *** shared by the intellectually disabled—the *Miller* Court's decision is founded, principally, upon the *transient* characteristics of youth, characteristics not shared by adults who are intellectually disabled." (Emphasis in original.) *Coty*, 2020 IL 123972, ¶ 39. The *Coty* court found that "[w]hile defendant may be less culpable, because of his disability, *** the characteristics of his predominantly static condition and his age make him less likely to be rehabilitated and thus more likely to reoffend." *Id.* ¶ 42. The court held that the defendant's life sentence violated neither the proportionate penalties clause of the Illinois Constitution nor the eighth amendment of the United States Constitution. *Id.* ¶¶ 44-45.

¶ 14 Defendant cannot demonstrate the prejudice necessary to warrant leave to file a successive postconviction petition, as an intellectually disabled adult defendant's natural life sentence violates neither the United States nor the Illinois Constitutions under *Coty*. See *id.* ¶¶ 39-45. Defendant acknowledges that *Coty* controls, but argues that his offense and his age when he committed the offense distinguish him from the *Coty* defendant. We do not accept defendant's invitation to parse the *Coty* decision by distinguishing between a 24-year-old intellectually disabled defendant who committed first degree murder and robbery and a 46-year-old intellectually disabled defendant who was twice convicted for sexual offenses against children. The *Coty* court held that "[w]hile defendant may be less culpable, because of his disability, *** the characteristics of his predominantly static condition and his age make him less likely to be rehabilitated and thus more likely to reoffend." *Id.* ¶ 42. The same is true of

defendant in the instant case, whose intellectual disabilities limit his rehabilitative potential and increase his likelihood of reoffending.

¶ 15    Further, because defendant was 24 years old when he committed first degree murder, he falls outside the consideration of *Miller*, 202 Ill. 2d 328, *Miller*, 567 U.S. 460, and other related case law finding that a nature life sentence without parole is unconstitutional when applied to defendants who were in their teens when they committed their offenses. See *People v. Harris*, 2018 IL 121932, ¶¶ 54-61 (holding that an individual must be under the age of 18 for *Miller*, 567 U.S. 460, to apply). Thus, the case law defendant cites to satisfy the cause requirement does not apply to him.

¶ 16    In light of *Coty*, defendant has failed to show the prejudice necessary to satisfy the cause and prejudice test, and the case law upon which his motion relies is not applicable to his circumstances. The court properly denied defendant leave to file a successive postconviction petition.

¶ 17                                III. CONCLUSION

¶ 18    The judgment of the circuit court of Knox County is affirmed.

¶ 19    Affirmed.

¶ 20    PRESIDING JUSTICE McDADE, dissenting:

¶ 21    I would reverse the circuit court's denial of defendant's motion for leave to file a successive postconviction petition and remand for first-stage postconviction proceedings. Accordingly, I respectfully dissent.

¶ 22    In *Coty*, 2020 IL 123972, ¶ 19, our supreme court addressed the following question: "whether a sentence of life imprisonment, mandatory or *de facto*, is permissible for this intellectually disabled adult twice convicted of a sexual offense perpetrated upon a young child."

6

The court stated that "[t]he whole point of the mandatory, natural life sentence for repeat sex offenders is to protect children by rendering it impossible for the incorrigible offender to reoffend." *Id.* ¶ 42. The *Coty* court held that the defendant's life sentence violated neither the proportionate penalties clause of the Illinois Constitution nor the eighth amendment of the United States Constitution. *Id.* ¶¶ 44-45.

¶ 23    Defendant's motion for leave to file a successive postconviction petition demonstrated cause, as the law has changed both substantially and substantively since his sentencing and prior postconviction filings. See 725 ILCS 5/122-1(f) (West 2018). The cases upon which defendant's postconviction argument relies—*Miller*, 567 U.S. 460, and *House*, 2015 IL App (1st) 110580—were not decided when he filed his initial postconviction petition; thus, he could not raise this specific claim during his initial postconviction proceedings. By showing that he could not raise his claim until after those decisions were issued, defendant has satisfied the cause prong of the cause and prejudice test. See *People v. Davis*, 2014 IL 115595, ¶ 42 ("In terms of the requisite cause and prejudice of the Post-Conviction Hearing Act, *Miller*'s new substantive rule constitutes 'cause' because it was not available earlier to counsel ***.").

¶ 24    The majority observes that the cases defendant cites involved defendants who were in their teens when they committed the offenses for which they were convicted, whereas defendant was 24 years old. This is not the standard defendant must satisfy to show cause. Instead, a defendant must identify "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2018). Defendant has done so, as the case law upon which his argument relies on had not been decided when he submitted his initial postconviction petition. Therefore, he has demonstrated cause.

¶ 25    Further, defendant has shown prejudice by stating a claim, based on new case law, that his sentence is unconstitutional and violated due process. See *id.* Defendant's claim relies, in part, on *Miller*, 567 U.S. 460, which our supreme court deemed sufficient to satisfy the prejudice prong of the cause and prejudice test. See *Davis*, 2014 IL 115595, ¶ 42 ("*Miller*'s new substantive rule constitutes *** prejudice because it retroactively applies to defendant's sentencing hearing.").

¶ 26    The majority holds that defendant cannot show prejudice because, under *Coty*, an intellectually disabled adult defendant's natural life sentence violates neither the United States nor the Illinois Constitutions. However, our supreme court determined only the constitutionality of the *Coty* defendant's sentence, not the constitutionality of the sentence of every intellectually disabled adult defendant who has received a life sentence, or the equivalent thereof. See *Coty*, 2020 IL 123972, ¶ 19 ("At its core, the question presented in this case is whether a sentence of life imprisonment, mandatory or *de facto*, is permissible for *this* intellectually disabled adult twice convicted of a sexual offense perpetrated upon a young child ***" (emphasis added)). Although there is not enough information in the *Coty* decision for a definitive comparison of their intellectual disabilities, this defendant differs significantly from Coty himself in that he was roughly half of Coty's age when they committed their offenses, and he is not a sex offender subject to a specific sentencing mandate as Coty was. I would find that *Coty* does not control the outcome of defendant's appeal and his claim does not fail as a matter of law.

¶ 27    Defendant showed the cause and prejudice necessary to warrant leave to file a successive postconviction petition, as the case law upon which his new claim is based did not exist when he filed his initial postconviction petition, and his new claim, which challenges the constitutionality of his sentence, is not controlled by *Coty* and does not fail as a matter of law. I would reverse the

circuit court's denial of defendant's motion for leave to file a successive postconviction petition and remand the cause for first-stage postconviction proceedings, taking no position on the underlying petition itself.